UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-10160-AK |
| | ) | |
| ABHIJIT DAS, a/k/a "Beej Das," | ) | |
| Defendant. | ) | |

## **RESTRAINING ORDER**

**KELLEY, D.J.**

Upon consideration of the United States' *Ex Parte* Motion for a Post-Indictment Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), the Court finds and rules as follows:

1. On June 20, 2023, a federal grand jury sitting in the District of Massachusetts returned a ten-count Indictment charging defendant Abhijit Das, a/k/a "Beej Das," (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Ten), which provided notice that the United States intends to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Ten of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. In the Indictment, the United States identified the following property as being subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

    a.    the real property located at 19870 Meadowside Lane, Boca Raton, Florida, including all buildings, improvements, fixtures, attachments, and easements found therein or thereon, more particularly described in the Warranty Deed recorded on February 8, 2022, in the Public Records of Palm Beach County, Florida, in Book 33290, Pages 0941-0942 (the "Real Property"); and

    b.    the maritime vessel known as the "Troca One," bearing IMO 1231948 and MMSI 367738470 (the "Troca One").

2. The United States has moved, *ex parte*, for a restraining order, pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), to preserve the *status quo* and to prevent the Defendant, and all other persons with notice of this Order, from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Property and/or the Troca One.

3. There is reasonable cause for entry of this Order. The Indictment has established probable cause that the Real Property and the Troca One sought to be restrained would be subject to forfeiture to the United States upon the Defendant's conviction. The Court further concludes that a Restraining Order is necessary to preserve the availability of the Real Property and the Troca One for forfeiture in the event of the Defendant's conviction.

It is hereby ORDERED that this Restraining Order issue with respect to the Real Property and the Troca One.

It is further ORDERED that the Defendant, his agents, servants, employees, attorneys, family members, companies owned by the Defendant and his agents, and all other persons in active concert or participation with the Defendant, and those persons, financial institutions, or other entities who have any possession, interest or control over the Real Property and/or the Troca One subject to this Order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

    a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, hypothecate, spend, dispose of, or remove equipment from the Real Property and/or the Troca One, in any manner, directly or indirectly, or complete any action that would affect or diminish the marketability of the Real Property and/or the Troca One;

    b) cause the Real Property and/or the Troca One to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

    c) take, or cause to be taken, any action which could have the effect of concealing the Real Property and/or the Troca One, removing the Real Property and/or the Troca

One from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Real Property and/or the Troca One.

The Defendant is hereby placed on notice that if the Real Property and/or the Troca One are transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require the Defendant to account to the Court for the disposition and location of the Real Property and/or the Troca One, and any proceeds traceable thereto.

It is further ORDERED that the record owners of the Real Property and the Troca One are required to maintain the present condition of the Real Property and the Troca One, including timely payment of all mortgage payments, insurance, liens, utilities, taxes, and assessments, until further order of this Court.

It is further ORDERED that anyone holding a mortgage or lien on the Real Property shall respond promptly to requests by the United States for information on said mortgages or lien's current status.

It is further ORDERED that anyone holding a lien on the Troca One shall respond promptly to requests by the United States for information on said lien's current status.

The United States, or its agents, shall serve this Order upon the Defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile or email transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

APPROVED AND SO ORDERED:

/s/ Angel Kelley, D.J.
ANGEL KELLEY
United States District Judge

Dated: June 22, 2023