UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>ABHIJIT DAS, a.k.a. "Beej" Das  )<br>)<br>Defendant.   ) | Case No. 23-cr-10160-AK |

## JOINT INERIM STATUS REPORT

The United States, and the defendant through his counsel, respectfully submit the following Status Report pursuant to Local Rules 116.5(a) for the Interim Status Conference scheduled for April 1, 2024, at 11:00 a.m.  Based on the following, the parties respectfully submit that the Court should cancel the Status Conference and schedule a Final Status Conference in 60 days.

### Overview of the Case

1. The indictment was returned on June 20, 2023, and charges defendant ABHIJIT DAS with ten counts of wire fraud, in violation of 18 U.S.C. § 1343. The indictment arises out of the defendant work as an attorney and alleged conduct that took place during DAS's representation of a client in India and the management of escrow funds.

2. The defendant made his initial appearance on the indictment in the District of Massachusetts and was arraigned on July 11, 2021.  The defendant is not in custody and is on conditions of pre-trial release.

3. It should be noted that the defendant was convicted of campaign finance related crimes on October 13, 2023, following a trial before U.S. District Court Judge Richard G. Stearns, in *U.S. v. Das,* 20-cr-10200-RGS.  Sentencing for this case is now scheduled for **May 24, 2024, at 2:00 p.m.**

1

**Status of Automatic Discovery**

4. The Government made an initial production of discovery including the required automatic discovery disclosures on July 11, 2023. The initial production of discovery included more than 7,500 pages of documents and other records and included, among other items, third party business and bank records, investigative reports, search warrant applications, and the more relevant email and text communications of the defendant.

5. There are no outstanding discovery requests.

**Timing of Additional Discovery to be Produced**

6. The government is in possession of additional materials that may be produced in discovery based on the government's ongoing investigation. Among other items, the government has obtained a search warrant for three email accounts but agreed to postpone the search of these accounts until after the trial. Now that trial has concluded, the government anticipates that it will now pursue the search of those items.

**Timing of Additional Discovery Requests**

7. Given the current status of the case, the defendant will need additional time to determine whether any written discovery requests will be necessary.

**Protective Orders**

8. The parties submit that a protective order is not currently necessary.

**Timing of Pre-Trial Motions**

9. The parties submit that since the defendant is still in the process of reviewing discovery that it is still too soon to determine whether any pre-trial motions will be necessary.

### Timing of Expert Witness Disclosures

10. The parties submit that the court should set a deadline for the disclosure of expert witness under Rule 16 as follows: 28 days before trial for the government and 14 days before trial for the defendant.

### Periods of Excludable Delay under the Speedy Trial Act

11. The parties submit that the following periods of time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, should be excluded in the interests of justice:

   a. The period from the initial appearance and arraignment on July 11, 2023, until the initial status conference on September 12, 2023, pursuant to LR 112.2(a)(1); and

   b. On September 11, 2023, the Court entered an order excluding the time from September 12, 2023, until November 20, 2023.

   c. On November 17, 2023, the Court entered an order excluding the time from November 20, 2023, until January 8, 2024.

   d. On January 4, 2024, the Court entered an order excluding the time from January 8, 2024, until April 1, 2024.

   e. The Court should enter an order excluding the time from April 1, 2024, until the final status conference.

### Timing for Further Status Conference

12. The parties submit that the court should set a final status conference for June 2024, or in approximately 60 days, after the defendant's sentencing in the campaign fraud case.

13. Undersigned counsel has shared a copy of this status report with counsel of record for the defendant who join in the report.

                Respectfully submitted,

                JOSHUA S. LEVY
                Acting United States Attorney

By:   /s/ *Neil Gallagher*
       Neil J. Gallagher, Jr.
       Assistant U.S. Attorney


                By defendant's attorney,

                *s/ Glenn A. MacKinlay*
                Glenn A. MacKinlay
                BBO # 561708
                McCarter & English, LLP
                265 Franklin Street
                Boston, MA 02110
                617-449-6548
                gmackinlay@mccarter.com


Date Submitted:  March 28, 2024

5

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    <u>*/s/ Neil J. Gallagher, Jr.*</u>
    Neil J. Gallagher, Jr.