UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 23-CR-10160-AK |
| ABHIJIT DAS, a.k.a. "Beej" Das, ) | |
| ) | Leave to File Granted on May 24, 2024 |
| Defendant. ) | |

**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-PLEA PRESENTENCE REPORT**

Under Local Rule 7.1(b)(3), Defendant Abhijit Das respectfully moves for leave to file a reply in support of his motion for a Pre-Plea Presentence Report. The Government's opposition oversimplifies the history of this case and the nature and impact of Mr. Das's request.

The complications and challenges of two contemporaneous indictments and cases explain why both the Government and defendant have assented to several postponements of sentencing in *United States v. Abhijit Das,* 21-cr-10200-RGS to discuss and permit the parties to confer on the issue of a global resolution that would include joint sentencing recommendations to the Court in both cases. Indeed, as the Government acknowledges, the Government and undersigned counsel "have had meaningful discussions about the potentially applicable guideline ranges". Mr. Das seeks to continue these discussions, including the impact upon sentencing by the criminal history category increase resulting from the upcoming sentencing.

Mr. Das has not asked this Court to order the Probation Department to perform a novel task. Indeed, while ordered sparingly, the circumstances presented here warrant it. Moreover, Defendant is seeking an updated analysis from the Probation Department – that has already been partially performed in *United States v. Abhijit Das,* 21-cr-10200-RGS, and would significantly assist both parties in the continuation of those plea discussions. The Probation Department's independent

1

calculation of the amount of loss – and the applicable guidelines are significant factors in the decision concerning a potential global resolution of two cases. Stated differently, the impact on the pending matters would be significantly outweighed by the potential benefit that the Probation Department's independent input would have.

There is a clear disagreement between the parties as to the scope of the impact that a Pre-Plea PSR may have upon the current plea discussion. Defendant respectfully submits that the interests of justice and judicial economy weigh in favor of the preparation of a Pre-Plea PSR.

Accordingly, the defendant respectfully repeats his request that this Court order the preparation of a Pre-Plea PSR by the United States Probation Office.

By defendant's attorney,

*s/ Glenn A. MacKinlay*
Glenn A. MacKinlay
BBO # 561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6548
gmackinlay@mccarter.com

Date:  May 24, 2024

3

## Certificate of Conference

Pursuant to Local Rule 7.1, I hereby certify that the parties conferred in good faith to attempt to resolve or narrow the issues presented by this motion. The Government in this matter opposes the relief requested herein.

*s/ Glenn A. MacKinlay*
Glenn A. MacKinlay

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*s/ Glenn A. MacKinlay*
Glenn A. MacKinlay