UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )<br>)<br>ABHIJIT DAS, a.k.a. "Beej" Das    )<br>)<br>Defendant.                                      ) | Case No. 23-cr-10160-AK |

**ASSENTED TO MOTION TO CONTINUE
FINAL STATUS CONERENCE UNTIL FEBRUARY 2025**

The United States, with the assent of counsel for the defendant, ABHIJIT DAS, moves this Court to continue the Final Status Conference currently set for November 22, 2024, at 3:30 p.m. until early February 2025. As grounds, the government submits the following:

1. The indictment was returned on June 20, 2023, and charges defendant ABHIJIT DAS ("DAS") with ten counts of wire fraud, in violation of 18 U.S.C. § 1343. The indictment arises out of the defendant's work as an attorney and alleges conduct that took place during DAS's representation of a client in India and the management of Escrow and IOLTA funds.

2. The defendant made his initial appearance in Massachusetts and was arraigned on July 11, 2021. The defendant is not in custody, is on conditions of pre-trial release and resides in Florida.

3. It should be noted that the defendant was convicted of campaign finance related crimes on October 13, 2023, following a trial before U.S. District Court Judge Richard G. Stearns, in *U.S. v. Das,* 21-cr-10200-RGS. On July 18, 2024, Judge Stearns sentenced the defendant to a term of incarceration of 21 months. The defendant's self-report date is January 20, 2025.

4. New counsel for the defendant entered their appearance beginning on October 16, 2024. As further described below, by October 31, 2024, the government produced all the previously produced automatic discovery to new counsel.

1

    a. On October 21, 2024, the government made its initial production of discovery to new counsel (pages 1-7,595) over USAfx consisting of audio recordings, search warrants, draft transcripts, financial and other third-party business records, and law enforcement reports.  The same day, the government sent new counsel via FedEx an external drive containing the data from three email search warrants (containing approximately 8,841 files).

    b. On October 31, 2024, the government made a second production of discovery (pages 7,596-7890) consisting of grand jury exhibits/hot docs.

    c. The same day, the government sent new counsel via FedEx two external hard drives. One contained the complete data set from three email search warrants (1,025,353 bates-numbered pages), and one contained a subset of that data comprised of files that contained potentially-privileged/protected communications ("PPM") segregated from the production (694,440 bates-numbered pages).  The prosecution team has not had access to the PPM.

5. On November 20, 2024, government counsel conferred with counsel for the defendant.  Based on the volume of discovery and some of the issues involving PPM and the review of seized emails by a filter team, the parties need additional time to resolve these issues.  The defendant's counsel needs additional time to process and review discovery.

6. For the foregoing reasons, the government respectfully submits that the court should continue the final status conference until February 2025, and exclude the time from November 22, 2024, until the final status conference in the interests of justice to permit the defendant sufficient time to review discovery, and the parties resolve potential privilege issues.

7. Undersigned counsel has conferred with counsel for the defendant who assents to the granting of this motion.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Neil Gallagher*
Neil J. Gallagher, Jr.
Assistant U.S. Attorney

Date Submitted: November 21, 2024

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Neil J. Gallagher, Jr.*
Neil J. Gallagher, Jr.